# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1497V

Filed: July 18, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JAN SKUGSTAD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Attorneys' Fees and Costs |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*David Carney, Esq.,* Green & Schafle LLC, Philadelphia, PA, for petitioner.
*Nancy Tinch, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 11, 2017, Jan Skugstad ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 13, 2014. Petition, ECF No. 1.

On October 19, 2021, petitioner filed for voluntary dismissal pursuant to Rule 21(a). ECF No. 55.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 23, 2022, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 60. On February 2, 2022, Respondent filed a response that he was satisfied the statutory requirements for an award of attorneys' fees and costs were met and "respectfully request[ed] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Response, ECF No. 61.

Petitioner requests attorneys' fees and costs as follows: $29,133.10 to David Carney and Green & Schafle, LLC ("GS"), representing $28,959.00 in fees and $174.10 in costs; $22,914.74 to the Larkin Hoffman Law Firm ("LH"), representing $22,109.00 in fees and $805.74 in costs; and $35,222.09 to SiebenCarey, P.A. ("SC"), representing $10,212.09 in fees and $25,010.00 in costs; for a total amount of **$87,269.93**. Motion for Fees at 3-4, ECF No. 60.[3] In accordance with General Order No. 9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. Motion for Fees at 21, ECF No. 60.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] Petitioner was represented by three firms and two attorneys during the course of this matter. Petitioner initially retained Kate Westad with the firm of Larkin Hoffman. On May 1, 2019, Ms. Westad moved to the firm of SiebenCarey. Petitioner then hired David Carney at the firm of Green & Schafle, who concluded the matter. Petitioner requests attorneys' fees and costs for all his representation during the course of this matter. Motion for Fees at 2, ECF No. 60.

## II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly forum rates for his attorney, Mr. David Carney: $350 per hour for work performed in 2020, $375 per hour for work performed in 2021, and $400 per hour for work performed in 2022. Petitioner requests a rate of $145 for work performed from 2020 to 2022 for Mr. Carney's paralegal. The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his staff. *See, e.g.*, *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738V, 2022 WL 1210556 (Fed. Cl. Spec. Mstr. Mar. 29, 2022) (awarding Mr. Carney rates of $350 for 2020, $375 for 2021, and $400 for 2022, and a rate of $145 for his paralegal for 2020-2022); *Lee v. Sec'y of Health & Hum. Servs.*, No. 19-1709V, 2021 WL 4594687 (Fed. Cl. Spec. Mstr. Sept. 8, 2021) (awarding Mr. Carney rates of $350 for 2020 and $375 for 2021).

Therefore, the undersigned finds the requested rates for Mr. Carney and his staff to be reasonable.

Petitioner requests the following hourly rates for his attorney, Kate Westad: $350 per hour for work performed in 2017, 2018 and 2019. Petitioner requests an hourly rate of $125 for work performed by Ms. Westad's paralegals, Jan Jahn and Teresa Lyon, in 2017-2019, and an hourly rate of $160 for work performed by Ms. Westad's "litigation paralegal", Dwight Ludvigson, in 2017-2019. The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving Ms. Westad and her paralegals. *See, e.g.*, Pavelka v. Sec'y of Health & Hum. Servs., No. 17-1993V, 2020 WL 2392298 (Fed. Cl. Spec. Mstr. Apr. 7, 2020) (awarding

---

[4] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Ms. Westad a rate of $350 and her paralegals a rate of $125); *De Nuto v. Sec'y of Health & Hum. Servs.*, No. 17-104V, 2019 WL 3239464 (Fed. Cl. Spec. Mstr. June 12, 2019) (awarding Ms. Westad a rate of $350 for 2017-2019 and her paralegals a rate of $125).

However, the rate for Ms. Westad's litigation paralegal, Mr. Ludvigson, requires a reduction. In previous cases, Mr. Ludvigson's rate has been reduced from $160 per hour to $125 per hour. *See, e.g.*, *Pfeifer v. Sec'y of Health & Hum. Servs.*, No. 17-1824V, 2019 WL 7193196 (Fed. Cl. Spec. Mstr. Nov. 6, 2019) (reducing Mr. Ludvigson's rate to $125 because the requested rate exceeds the range for Vaccine Program paralegals for the relevant years and no documentation was provided to support a rate increase); *Romines v. Sec'y of Health & Hum. Servs.*, No. 18-1440V, 2020 WL 3046273 (Fed. Cl. Spec. Mstr. May 6, 2020) (reducing Mr. Ludvigson's rate to $125 based on previously awarded rates). Accordingly, the undersigned will reduce Mr. Ludvigson's rate to $160 for all time billed. This results in a reduction of fees awarded to the firm of Larkin Hoffman in the amount of **$87.50**.[5]

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds the number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the

---

[5] $160 - $125 = $35 x 2.5 hrs = $87.50.

undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either.

Accordingly, petitioner is entitled to final attorneys' fees of $28,959.00 to David Carney and GS; $22,021.50 to LH, and $10,212.09 to SC, for a total amount of **$61,192.59.**

**C.    Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total attorneys' costs of $25,989.84 ($174.10 for GS, $905.74 for LH, and $25,010.00 for SC) for acquisition of medical records, expert fees and costs, filing fees, postage, and printing and scanning costs.

The undersigned finds a majority of these costs to be reasonable and supported by adequate documentation. However, the undersigned finds the scanning costs are not compensable, as there is no actual cost incurred in scanning documents, and these costs are better categorized as part of office overhead. *See Bartosiewicz v. Sec'y of Health & Hum. Servs.*, No. 17-1988V, 2019 WL 4894258 (Fed. Cl. Spec. Mstr. Sept. 18, 2019); *Dashty v. Sec'y of Health & Hum. Servs.*, No. 15-0966V, 2018 WL 6990680 (Fed. Cl. Spec. Mstr. Nov. 21, 2018).

Accordingly, the award of costs to Green & Schafle is reduced by **$89.65**. Petitioner is awarded costs sought by GS in the amount of $84.45; LH in the amount of $805.74; and SC in the amount of $25,010.00, for total costs of **$25,900.19.**

### III. Total Award Summary

In accordance with the foregoing, petitioners' motion for attorneys' fees and costs is GRANTED, in part. The undersigned **awards a total of $87,092.78**,[6] consisting of $29,043.45 to David Carney/GS ($28,959.00 in fees and $84.45 in costs); $22,827.24 to LH ($22,021.50 in fees and $805.74 in costs) and $35,222.09 SC ($10,212.09 in fees and $25,010.00 in costs).

A lump sum payment[7] for **$87,092.78** shall be made in the form of a check jointly payable to petitioner, Jan Skugstad, and petitioner's counsel, David Carney, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[7] As counsel did not represent otherwise, petitioner's counsel is to distribute the attorneys' fees and costs to the respective law firms appropriately and in accordance with his submissions.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

Mindy Michaels Roth
Special Master